IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRYSTAL BRANNAM, et al. :
:
v : Civil Action No. DKC 18-3306
:
FIDELITY DIRECT MORTGAGE, LLC :

**MEMORANDUM OPINION**

Plaintiffs Crystal Brannam and Giuliana Giblin (collectively, "Plaintiffs") filed a motion to redact in this employment discrimination action on October 29, 2018. (ECF No. 3). Defendant Fidelity Direct Mortgage, LLC ("FDM") filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on December 27, 2018. (ECF No. 5). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion to redact will be granted in part and denied in part and Defendant's motion to dismiss will be denied.

**I.  Background**[1]

Plaintiff Brannam commenced her employment with FDM as a junior loan officer in June 2016. (ECF No. 1 ¶ 10). Plaintiffs' complaint alleges that FDM supervisor Enzo Monte ("Mr. Monte") and

---

[1] The following facts are set forth in the complaint, unless otherwise stated, and construed in the light most favorable to the Plaintiffs.

other FDM employees often subjected Plaintiff Brannam to sexual harassment. Some of the specific instances of sexual harassment Plaintiff Brannam alleges include: (1) Mr. Monte directed Plaintiff Brannam to wear high heels with dresses or skirts (*Id.* ¶¶ 11; 24); (2) Mr. Monte told Plaintiff Brannam to "play nice" with male clients and respond to their flirtations (*Id.* ¶¶ 11-12); (3) male FDM employees often made remarks, sometimes vulgar, about Plaintiff Brannam's appearance (*Id.* ¶¶ 15-16); (4) Plaintiff Brannam was tasked with work unrelated to her expected loan officer duties (*Id.* ¶¶ 13; 16-18); (5) Mr. Monte required Plaintiff Brannam to wear tight, revealing clothing for events unrelated to her work for FDM (*Id.* ¶ 18); (6) Mr. Monte prohibited Plaintiff Brannam from going to lunch with any other male unless she first sought his consent (*Id.* ¶ 14); and (7) Plaintiff Brannam was prohibited from attending conference calls and classes after she turned down an offer to go out to dinner with a member of FDM management (*Id.* ¶ 19). Finally, Plaintiff Brannam alleges that she was constructively discharged by Defendant on March 1, 2017. (*Id.* ¶ 21).

Plaintiffs' complaint also alleges that Mr. Monte sexually discriminated against Plaintiff Giblin during her employment with FDM. Specifically, Plaintiff Giblin alleges that Mr. Monte: (1) instructed her to hug and kiss potential clients or realtors; (2) regularly touched Plaintiff Giblin "inappropriately . . . and

unwantedly," in areas such as her "hair, waist, breast, butt, shoulders, [] thighs[,]" neck and throat; (3) instructed Plaintiff Giblin to wear "heels" and "tight-fitting" dresses with a "low-cut at the bust line[;]" (4) repeatedly asked Plaintiff Giblin for oral sex; (5) requested sexual favors in exchange for advancement of Plaintiff Giblin's career; (6) invited Plaintiff Giblin to join a "sexual 'threesome[;]'" (7) solicited nude pictures of Plaintiff Giblin via text message; and (8) offered to buy Plaintiff Giblin a car or pay for her residence if she was a "good girl." (*Id.* ¶¶ 23-25). Plaintiff Giblin also alleges that she was involved in a physical altercation with Mr. Monte after refusing his request to entertain current and potential clients at a strip club. Mr. Monte grabbed Plaintiff Giblin by the throat, stated "she was his," and referenced the fact that he served five years in prison for attempted murder. (*Id.* ¶¶ 26-27). Following the altercation, Plaintiff Giblin was "constructively discharged" from FDM. (*Id.* ¶ 28).

Plaintiffs' complaint states that male loan officers were not subject to the same incidents of mistreatment. (*Id.* ¶¶ 13-14; 16-18; 23-24; 26).

Plaintiffs individually filed discrimination charges under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et seq.*, ("Title VII") with the United States Equal Employment Opportunity Commission ("EEOC") on April 26, 2017. (ECF Nos. 5-

5; 5-7). The EEOC issued right-to-sue letters to each Plaintiff on July 31, 2018, indicating the EEOC's termination of Plaintiffs' charges and providing them with 90 days to file a lawsuit. (ECF Nos. 1-1; 1-2). Plaintiffs jointly filed a complaint against Defendant on October 26, 2018. (ECF No. 1). Plaintiffs jointly allege four counts: (1) sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991; (2) constructive discharge; (3) violation of the Maryland Wage Payment and Collection Law, MD. Code Ann. § 3-501; and (4) theft. (*Id.*, at 10-13 & 16-17). Plaintiff Brannam individually alleges two counts: (1) breach of contract; and (2) negligent misrepresentation. (*Id.*, at 13-14). Plaintiff Giblin individually alleges one count of battery. (*Id.*, at 15).

**II. Plaintiffs' Motion to Redact**

Plaintiffs, who are represented by counsel, filed their complaint without listing their addresses in the caption.[2] Plaintiffs' motion to redact asserts that "[t]he threat posed by Mr. Monte . . . establishes good cause" under Federal Rule of Civil Procedure 5.2(e) to redact their home addresses from the complaint. (ECF No. 3, at 3). Defendant does not oppose Plaintiffs' request. In support of Plaintiffs' request to conceal their addresses, they

---

[2] While addresses are typically included in complaints in civil cases, there is no statute or rule based requirement for a represented party to supply a home address.

4

reference alleged incidents where Mr. Monte's conduct made them feel unsafe. (ECF No. 3 ¶ 2). Plaintiffs have demonstrated a fear for their safety that is supported by specific factual representations, Defendants have not opposed Plaintiffs' request and disclosure of Plaintiffs' addresses is not essential to their claim's progression. (*Id.* ¶¶ 2-4). Thus, Plaintiffs will not be required to amend their complaint to include their addresses.

Plaintiffs also request that the motion to redact remain under seal. (*Id.*). Defendant does not oppose Plaintiffs' request. A motion to seal must comply with Local Rule 105.11, which requires: "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." This rule endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Plaintiffs merely state that the motion "is filed under seal, and should remain under seal, as it addresses sensitive matters." (ECF No. 3, at 3). The incidents described in the motion to redact that caused Plaintiffs to fear for their safety are largely a recitation of information already provided in Plaintiffs' complaint. Plaintiffs have not justified their request to seal the motion to

redact.  Thus, the motion will be denied as to Plaintiffs' request to seal the motion to redact.

**III. Defendant's Motion to Dismiss**

    **A.   Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  But the Court in *Bell Atl. Corp. v. Twombly* clarified the requirement, concluding that "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  550 U.S. 544, 555 n.3 (2007).  Therefore, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268, (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not

be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

"In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and the documents attached to the complaint. The court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action." *Abadian v. Lee*, 117 F.Supp.2d 481, 485 (D.Md. 2000) (citing *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)); *see, e.g.*, *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195 n.5 (4th Cir. 2002) (citing *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994)). When doing so, the court need not convert a Rule 12(b)(6) motion to dismiss to one for summary judgment so long as it does not consider matters "outside the pleading." *See* Fed.R.Civ.P. 12(b) ("If [on a 12(b)(6) motion to dismiss,] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]"); *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998) (citing Rule 12(b)). "The court

may consider a document submitted by the defendant in support of a motion to dismiss, however, '[if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Luy v. Balt. Police Dep't*, 326 F.Supp.2d 682, 688 (D.Md. 2004) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)).

Here, Defendant submitted new documents in support of its motion to dismiss, including: (1) notice of charge of discrimination filed with the EEOC by Plaintiff Brannam (ECF No. 5-5, at 1-4); (2) Defendant's response to Plaintiff Brannam's EEOC charge (ECF No. 5-6, at 1-5); (3) notice of charge of discrimination filed with the EEOC by Plaintiff Giblin (ECF No. 5-7, at 1-3); (4) Defendant's response to Plaintiff Giblin's EEOC charge (ECF No. 5-8, at 1-5); (5) FDM sexual harassment policy signed by Plaintiff Giblin (ECF No. 5-9, at 1-4); (6) FDM new hire start date form for Plaintiff Giblin (ECF No. 5-10, at 1-2); (6) FDM new hire IT request form for Plaintiff Brannam (ECF No. 5-11, at 1-2); (7) FDM new personnel checklist for Plaintiff Brannam (ECF No. 5-12, at 1-2); and (8) FDM sexual harassment policy signed by Plaintiff Brannam (ECF No. 5-13, at 1-4).

Plaintiffs argue that "[the] EEOC charges . . . may, or may not, be acceptable as those are referenced in Plaintiffs' [c]omplaint, but all other 'exhibits' to the 'motion to dismiss' must be disregarded by this [c]ourt as improper—as beyond

8

Plaintiffs' pleading." (ECF No. 9, at 10). Plaintiffs' individual EEOC charges are referenced in Plaintiffs' complaint and attachments. (ECF Nos. 1-1, 1-2, 1-3). Consequently, those documents are incorporated and can be relied on in adjudicating Defendant's motion to dismiss. Conversely, the remaining documents appended to Defendant's motion to dismiss are not mentioned or relied on in Plaintiffs' complaint. In fact, there is not even "limited quotation from or reference to [those] documents" in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)). Additionally, Defendant's motion cannot be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(d) because "[c]onversion[] is not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Accordingly, the remaining exhibits will not be relied on in adjudicating Defendant's motion to dismiss.

**B. Analysis**

Defendant argues that Plaintiffs' complaint fails to state a claim upon which relief can be granted because the sexual harassment against Plaintiffs occurred prior to their respective terms of employment with FDM. (ECF No. 5-1, at 6). Defendant does not specify which counts alleged by Plaintiffs fail to state

9

a claim according to this argument. Construing Defendant's argument liberally, it likely applies to Plaintiffs' joint count of sexual discrimination. Plaintiffs' opposition does not directly address Defendant's assertion, but states that Defendant "improperly argues its version of events" and sums up Defendant's argument altogether as a mere disagreement "with the temporal aspects of Plaintiffs' [c]omplaint." (ECF No. 9, at 10).

As for Plaintiff Giblin, Defendant specifically argues that the timeline of sexual harassment allegations is inconsistent with the July 2018 start date asserted in the complaint. (ECF No. 5-1, at 5). Although Plaintiffs' complaint does not provide specific dates for most of the alleged sexual discrimination incidents, Defendant accurately points out that Plaintiffs' timeline is inconsistent as to Plaintiff Giblin. The complaint states that "Plaintiff Giblin began her employment for FDM in or about July of 2018." (ECF No. 1 ¶ 10). However, Plaintiffs Giblin's EEOC charge states that she began employment for FDM "in or around June 2016." ECF No. 5-7, at 3). Plaintiffs' complaint also suggests that her employment with Defendant started prior to July 2018 because Plaintiff Brannam had already left FDM in March 2017 (*Id.* at ¶ 21), and the complaint outlines multiple incidents involving both Plaintiff Giblin and Plaintiff Brannam that took place in the latter half of 2016. (*See id.* ¶¶ 14; 17).

The July 2018 start date alleged in the complaint is obviously a typographical error. Although the error undermines Plaintiffs' account and is restated in Plaintiff's opposition to the motion to dismiss, it is not enough to destroy the totality of Plaintiff Giblin's allegations. *See, e.g., Sutton v. Billings,* No. 16-cv-3364-ELH, 2017 WL 2335555, at *2 n.4 (D.Md. May 26, 2017) (evaluating a motion to dismiss and noting: "the facts alleged by plaintiff are difficult to follow and the dates of the allegations appear to suffer from typographical errors . . . [n]evertheless, given the procedural posture of this case, I assume the truth of any well-pleaded facts asserted in the [a]mended [c]omplaint."). Thus, Defendant's argument that Plaintiff Giblin failed to state a claim for sexual harassment due to an inconsistent timeline is without merit.

As for Plaintiff Brannam, Defendant specifically argues that she was employed by FDM for two separate terms. (ECF No. 5-1, at 7). Defendant notes that Plaintiff Brannam began her first term of employment on September 1, 2016 and worked for approximately ten weeks. Defendant adds that Plaintiff Brannam returned to FDM on February 1, 2017, but failed to report for employment throughout February and resigned on March 1, 2017. (ECF No. 5-1, at 6-7). According to Defendant's timeline of Plaintiff Brannam's

employment, the incidents Plaintiff Brannam alleges "occurred over a period of time prior to" her employment with FDM. (*Id.*, at 8).

Defendant's bare assertion that the events alleged by Plaintiff Brannam occurred before her employment with FDM fails to demonstrate that Plaintiff Brannam failed to state a claim for sexual harassment. In the complaint, Plaintiff Brannam neglects to include specific dates when describing her employment and some of the sexual harassment incidents. Nevertheless, the complaint still provides factually consistent allegations of sexual harassment as to Plaintiff Brannam. Because Plaintiff Brannam's account of the sexual harassment contains no factual inconsistencies and "all factual allegations must be construed in the light most favorable to the plaintiff," Defendant's argument as to Plaintiff Brannam is also without merit.

Although Defendant attempts factually to undermine Plaintiffs' complaint, Plaintiffs have successfully pleaded their sexual harassment claims. Under Title VII, it is unlawful for an employer "to discriminate against an individual with respect to . . . terms, conditions, or privileges of employment because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Sexual harassment represents one form of this prohibited sex discrimination. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986). There are two categories of sexual harassment that are generally recognized: (1) *quid pro quo* harassment, where sexual

consideration is demanded in exchange for job benefits; and (2) harassment that creates an offensive or hostile work environment. *See Katz v. Dole*, 709 F.2d 251, 254 (4th Cir. 1983); *Rachel-Smith v. FTData, Inc.*, 247 F.Supp.2d 734, 745 (D.Md. 2003).

The *quid pro quo* variety of sexual harassment "refers to a situation where a supervisor explicitly makes submission to his or her unwelcome sexual advances a condition of employment," or where "the rejection of such advances is . . . the motivation underlying an employer's decision to take an adverse employment action against an employee." *Briggs v. Waters,* 484 F.Supp.2d 466, 477 (E.D.Va. 2007) (citing *Ellis v. Director, CIA,* No. 98-2481, 1999 WL 704692, at *3 (4th Cir. Sept. 10, 1999)). To establish a *prima facie* case, the plaintiff must show that: (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) her reaction to the harassment affected tangible aspects of compensation, terms, conditions, or privileges of employment; and (5) the employer knew or should have known of the harassment and took no effective remedial action. *See Spencer v. General Electric,* 894 F.2d 651, 658 (4th Cir. 1990), *overruled on other grounds by Farrar v. Hobby,* 506 U.S. 103 (1992).

To establish a *prima facie* case of hostile work environment sexual harassment, Plaintiff must show that: (1) she was subjected to unwelcome conduct; (2) the unwelcome conduct was based on sex;

13

(3) the conduct was sufficiently pervasive or severe to alter the conditions of employment and create a hostile work environment; and (4) some basis exists for imputing liability to the employer. *See Smith v. First Union Nat'l Bank,* 202 F.3d 234, 241–42 (4th Cir. 2000).

Plaintiffs' complaint sufficiently alleges both categories of sexual harassment. As detailed above, the complaint provides factual descriptions of the alleged sexual harassment to support Plaintiffs' claims. The facts adequately demonstrate that: (1) Plaintiffs are part of a protected class; (2) Plaintiffs were subject to unwelcome conduct by male FDM employees; (3) Plaintiffs were harassed based upon their sex; (4) the harassment affected "tangible aspects" of their employment; (5) Defendant "directed the sexual harassment through its principal(s)/manager(s)/supervisor(s)." (ECF No. 1 ¶ 34). Thus, Plaintiffs have stated a claim for sexual harassment under Title VII.

Defendant also contends that Rule 12(b)(6) forecloses Plaintiffs' claims of sexual harassment because Plaintiffs failed to comply with FDM's sexual harassment policy. (ECF No. 5-1, at 4-5; 7-8). Defendant states that, because Plaintiffs failed to report their allegations to FDM until FDM received the charge from the EEOC, "no incidents were reported to FDM, and thus, no corrective action could have been taken." (ECF No. 5-1, at 5; 9). Defendant cites no legal authority in support of this argument,

14

nor does Defendant state which counts of Plaintiffs' complaint require dismissal on this premise. In response, Plaintiffs construe Defendants argument as an assertion of the *Ellerth/Faragher* defense.[3] (ECF No. 9, at 12). Plaintiffs further argue that Defendant's reliance is untimely and conclude that "[a]ny question involving FDM's so-called, purported '[s]exual [h]arrasment [p]olicy' is not properly resolved at the Rule 12(b)(6) preliminary motions stage." (*Id.*).

FDM's contention that Plaintiffs failed to comply with the sexual harassment policy and, therefore, FDM lacked knowledge of the harassment during Plaintiffs' terms of employment has the nature of an affirmative defense. "A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (citations omitted). Thus, an affirmative defense can be raised under 12(b)(6) only where "the allegations of the complaint give rise to [the] [] defense." *Id.; see also* 5B Charles A. Wright

---

[3] The Supreme Court of the United States enumerated an affirmative defense to vicarious liability under Title VII in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). The elements of the defense are: (1) "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and (2) "the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524, U.S. at 65.

& Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2019) ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy; but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion."). Here, there is no reference to Defendant's sexual harassment policy anywhere in Plaintiffs' complaint. Thus, it is improper to consider Defendant's affirmative defense at this procedural posture.

Defendant's motion to dismiss does not provide an argument as to why the seven remaining counts in Plaintiffs' complaint fail to state a claim according to Rule 12(b)(6). Accordingly, those counts will not be dismissed.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion to redact will be granted in part and denied in part and Defendant's motion to dismiss will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge